IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY JOHN RUUD, ) | |
| ) | |
| Plaintiff, ) | No. 12 C 06813 |
| v. ) | |
| ) | Magistrate Judge |
| CAROLYN W. COLVIN, ) | Jeffrey T. Gilbert |
| Acting Commissioner of Social ) | |
| Security[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gary John Ruud ("Claimant" or "Ruud") brings this action asking the Court to remand this case pursuant to sentence six of 42 U.S.C. § 405(g) for re-adjudication of a decision by Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying Ruud's application for social security disability benefits. Claimant argues the Appeals Council's decision not to send this case back to the Administrative Law Judge ("ALJ") for re-adjudication should be reversed because deposition testimony given by Dr. Howard Konowitz, Ruud's treating physician, in his worker's compensation case a few months after the ALJ's hearing in this case is new and material evidence that should have been considered by the ALJ. [DE #19 at 8-9]. The Commissioner responds that Claimant has not satisfied the requirements for remand because he has not established good cause for failing to include the substance of

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted as the Defendant in this case. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Dr. Konowitz's deposition testimony in the administrative record before the ALJ issued her final decision. [DE #29 at 1-2].

This matter is before the Court on cross-motions for summary judgment filed by Claimant and the Commissioner. [DE #17, 28]. For the reasons set forth below, Claimant's motion for summary judgment is denied and the Commissioner's motion for summary judgment is granted. The decision of the Appeals Council is affirmed, and this case will not be remanded for further proceedings.

## I. BACKGROUND

Claimant was born on February 24, 1959. (R. 19). He has a ninth grade education. (R. 51). In January 2009, Claimant was injured at work when he fell, fractured a rib or ribs and suffered a facial contusion injury. (R. 13). Ruud has been diagnosed as having myofascial pain. (R. 12). A February 2009 x-ray revealed that Ruud's fractured rib had healed. (R. 13).[2]

### A.  PROCEDURAL HISTORY

On July 28, 2010, Claimant filed a claim for social security disability insurance benefits, alleging disability beginning January 2, 2009. (R. 10). The claim was denied on October 21, 2010, and upon reconsideration on December 8, 2010. *Id.* On December 10, 2010, Claimant filed a written request for a hearing, which was held on September 27, 2011. *Id.* Claimant appeared and testified at the hearing and was represented by counsel. *Id.* Medical expert James M. McKenna, M.D., and vocational expert Thomas A. Gusloff also appeared. *Id.*

---

[2] It is unclear from the record whether Ruud fractured one or more ribs and whether just one or all of the ribs he fractured had healed by February 2009. A fair inference from the record is that regardless of whether Ruud's rib fracture(s) had healed, he continued to suffer myofacial pain.

On November 16, 2011, the ALJ denied Ruud's claim for disability benefits, finding him not disabled under the Social Security Act. (R. 20). Claimant filed a request for review on January 13, 2012 with the Social Security Administration Appeals Council requesting that the Appeals Council consider Dr. Konowitz's deposition testimony given on December 23, 2011, after the ALJ hearing and decision in Claimant's case, in its review of the ALJ's decision. (R. 1-5). The Appeals Council denied Claimant's request for review on June 23, 2012, determining that Claimant's additional evidence "does not provide a basis for changing the Administrative Law Judge's decision." (R. 1-2). Thus, the ALJ's decision is the final decision of the Commissioner and reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

**B.     RELEVANT EVIDENCE**

The administrative record before the ALJ includes treatment records from Dr. Konowitz, Claimant's treating physician since October 2009. (R. 16, 24-25). Dr. Konowitz assessed Claimant's functional capacity at the light duty level as of July 2011. (R. 905, 911, 1071).

The ALJ considered all the evidence in the record and concluded Claimant "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), however, the claimant cannot climb ladders, ropes or scaffolds, can only occasionally perform postural activities, and is limited to performing simple, routine, repetitive work due to pain." (R. 13).

Dr. Konowitz was deposed on December 23, 2011 in connection with Claimant's worker's compensation case. During that deposition, Dr. Konowitz testified ". . . at the long-term, he [Claimant] varies between sedentary and light [duty] over time." (R.

3

1130). Dr. Konowitz also testified that over the course of his treatment, Claimant "stayed very consistent" and maintained a consistent base line of pain over two years of treatment. (R. 1119-20, 1147).

## II. LEGAL STANDARD

Remand is appropriate if the District Court determines that there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To prevail on the issue, Claimant must satisfy the requirements of newness, materiality, and good cause. *Sample v. Shalala*, 999 F.2d 1138, 1144 (7th Cir. 1993). If Claimant fails to satisfy all three elements, the Appeals Council's denial of Claimant's request to remand must be affirmed.

"New" evidence is evidence "not in existence or available to the claimant at the time of the administrative proceeding." *Id.* (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). Evidence is "material" if there is a "reasonable probability" the Commissioner would reach a different conclusion if the "new" evidence is considered. *See Id.* A showing of "good cause" is met if a claimant can demonstrate "sufficient reason for failing to incorporate the evidence into the record during the administrative proceeding." *Id.*

## III. DISCUSSION

Claimant argues that Dr. Konowitz's December 23, 2011 deposition testimony is new and material evidence and that there is good cause why that evidence was not submitted to the ALJ at the September 27, 2011 hearing or before the ALJ issued her November 16, 2011 decision. [DE #19, 36]. The Commissioner focuses primarily on the good cause requirement in its response to Claimant's Motion for Summary Judgment.

[DE #29]. Though the Commissioner has addressed neither newness nor materiality directly, the Court does not believe the Commissioner has waived those arguments. Accordingly, the Court addresses all three elements of 42 U.S.C. § 405(g) to demonstrate remand is unwarranted.

A. **CLAIMANT FAILED TO DEMONSTRATE NEWNESS**

Claimant has failed to demonstrate that Dr. Konowitz could not have provided testimony substantially similar to the testimony he gave in Claimant's worker compensation case at the time of the ALJ's hearing on September 27, 2011. Claimant argues that Dr. Konowitz's testimony on December 23, 2011, "further explained his findings" and included five months of treatment following the doctor's issued report dated July 12, 2011. [DE #19 at 6-7]. Though Dr. Konowitz's December 2011 deposition testimony was technically not in existence at the time of the ALJ's hearing, his testimony was not *unavailable* to Claimant at the time of the hearing before the ALJ.

There is nothing in Dr. Konowitz's testimony to indicate Claimant's condition changed markedly between the date of the hearing before the ALJ and the doctor's December 2011 deposition. Dr. Konowitz testified that at "every visit. . . he [Claimant] stayed very consistent," and that Claimant's base line of pain has been consistent over two years, from October 2009 to December 2011. (R. 1110, 1114, 1119-20, 1140-41, 1147, 1155). If Claimant's condition did not change materially between the date of the ALJ's decision and Dr. Konowitz's deposition, Claimant must explain why Dr. Konowitz was unable to provide the same testimony before the ALJ as he gave in his deposition. Dr. Konowitz's deposition testimony technically was not in existence before December 2011, but it was based on medical records and evidence that was available at the time of the ALJ's hearing. (R. 24-25, 1095-1172).

Because Dr. Konowitz's testimony could have been made available at the time of the administrative proceeding (for example, Claimant could have had Dr. Konowitz testify before the ALJ), the testimony does not qualify as "new." *See Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997) ("Even though Dr. Reich's evaluations were technically not in existence. . . he based his conclusions entirely on evidence that had long been available. . . this derivative evidence was thus also 'available' at the time of the earlier proceeding and does not qualify under sentence six as 'new.'").

**B.     CLAIMANT FAILED TO DEMONSTATE MATERIALITY**

Claimant has not demonstrated that there is a reasonable probability the Commissioner would reach a different conclusion if Dr. Konowitz's testimony is considered. Claimant argues that Dr. Konowitz's deposition testimony clarifies that Ruud "cannot work at a light duty level for an extended period of time" warranting re-adjudication of the case. [DE #19 at 8]. The ALJ, however, considered the nuances of Claimant's limitation to light duty work in her decision. (R. 13). Dr. Konowitz's deposition testimony adds nothing material to the evidence in the record before the ALJ.

The ALJ determined that Ruud is able to perform light work as defined in 20 CFR 404.1657(b), but Claimant is unable to "climb ladders, ropes, or scaffolds, can only occasionally perform postural activities and is limited to performing simple routine, repetitive work due to pain." *Id.* The ALJ did not conclude that Claimant had the residual functional capacity to perform a full range of light work. She acknowledged that "additional limitations impede claimant's ability to perform all or substantially all requirements of this level of work." (R. 19). The ALJ nonetheless determined Claimant would be able to perform a number of jobs in the economy. *Id.* Accordingly, the ALJ

6

already has considered Ruud's inability to perform the full range of light duty work at all times and under all circumstances, and Dr. Konowitz's deposition testimony from December 2011 is not likely to change her decision in that respect upon remand.

Stated another way, the character of Dr. Konowitz's deposition testimony is not so different from the evidence already in the record before the ALJ, nor does it so alter the playing field for Claimant, that the ALJ would be likely to reconsider her denial of disability benefits. Absent Claimant showing there is a reasonable probability the ALJ would reach a different conclusion in light of Dr. Konowitz's testimony, remand must be denied. *See Shalala*, 999 F.2d at 1144.

Dr. Konowitz's labeling of Claimant's functional capacity as limited to light duty or sedentary work is not controlling. (R. 905, 911, 1071, 1130). It is the ALJ's job to determine Claimant's residual functional capacity. *Liskowitz v. Astrue*, 559 F.3d 736, 740 (7th Cir. 2009). The ALJ did so here based on her evaluation of all the evidence in the record, including Dr. Konowitz's treatment notes. (R. 16). It is very unlikely that the ALJ would have changed her evaluation of Claimant based on Dr. Konowitz's after-the-fact deposition testimony now highlighted by Claimant.

## C.     **CLAIMANT FAILED TO DEMONSTRATE GOOD CAUSE**

Even if Dr. Konowitz's deposition testimony from December 23, 2011 were new and/or material evidence, Claimant must show good cause for his failure to include that testimony in the administrative record. 42 U.S.C. § 405(g). *See also Perkins*, 107 F.3d at 1296. In *Perkins,* the Seventh Circuit found that Claimant had not shown good cause for not including in the record a report critiquing the ALJ's opinion, which clearly could not have been done before the opinion was issued. *Id.* To do so, the Court of Appeals reasoned, would undermine the administrative process by granting "automatic

7

permission to supplement records with new evidence after the ALJ issues a decision." *Id.* The mere fact that Dr. Konowitz's testimony was informed by his treatment of Claimant for some months after the period covered by his notes and report already in the record before the ALJ does not show good cause. If it did, then, as the Seventh Circuit explained in *Perkins*, the administrative record would remain open forever.

Because Claimant fails to provide a sufficient reason Dr. Konowitz's "further [explanation] of his findings and Ruud's ability to work light duty" could not have been introduced before the ALJ, Claimant fails to demonstrate good cause. [DE #19 at 7]. *See Cromer v. Apfel*, No. 00-1858, 2000 WL 1544778, at *4 (7th Cir. Oct, 16, 2000) (explaining that good cause is lacking where Claimant could have obtained medical evaluations when case was before ALJ) (citing *Campbell v. Shalala*, 988 F.2d 741, 745 (7th Cir. 1993)).

### III. CONCLUSION

For the reasons set forth above, the Court denies Claimant's motion for summary judgment [DE #17] and grants the Commissioner's motion for summary judgment [DE #28]. The Appeals Council's decision to deny remand for further proceedings is affirmed.

It is so ordered.

ENTERED:

_____
Jeffrey T. Gilbert
United States Magistrate Judge

DATE: July 16, 2014